# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOB FALER, LLC** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv346-HSO-BWR** |
| | § | |
| | § | |
| **TYLER BROTHERS** | § | |
| **ENTERTAINMENT, LLC,** | § | |
| **MAURICE TYLER, and** | § | |
| **JAMES TYLER** | § | **DEFENDANTS** |

## ORDER REMANDING CASE TO THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

This matter is before the Court sua sponte. The Court finds that this case should be remanded to state court for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff Bob Faler, LLC ("Plaintiff") filed suit against pro se Defendants Tyler Brothers Entertainment, LLC, Maurice Tyler, and James Tyler (collectively "Defendants") on June 3, 2024, in the County Court of Harrison County, Mississippi. Compl. [1-1] at 1. The case arises from a dispute over a lease agreement and several pieces of property located in Harrison County, Mississippi. *Id.* Plaintiff claims that it leased certain parcels to Defendants, who are now in breach for failure to pay rent. *Id.* at 2, *see also* Lease [1-1] at 7. Plaintiff further claims that Defendants are "unlawfully occupying and unlawfully withholding possession and quiet enjoyment" of the properties. Compl. [1-1] at 1. Plaintiff seeks

a Writ of Habere Facias Possessionem, possession of the properties, and other monetary awards such as fair market rental value. *Id.* at 4-5.

Defendants filed a Notice of Removal [1] with this Court on November 18, 2025, asserting federal question as the basis for subject-matter jurisdiction. Notice [1] at 1. Defendants cite a number of statutes, such as 42 U.S.C. §§ 1981, 1982, 1983, and 18 U.S.C. §§ 241, 242, and claim simply that removal is proper due to "the federal nature of the rights at issue (tribal, constitutional, trust)[.]" *Id.*

## II. DISCUSSION

A.  Relevant Legal Standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court when the district courts have original jurisdiction. 28 U.S.C. § 1441(a). A federal district court generally has original jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

Under 28 U.S.C. § 1331, federal district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law only when a plaintiff's statement of his own cause of action in the complaint shows that the action is based upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Under the well-pleaded complaint rule, "unless the plaintiff's complaint establishes that the case 'arises under' federal law," a defendant may not remove a case to federal court

based on federal question jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis omitted).

Under 28 U.S.C. § 1332(a)(1), federal courts also have original jurisdiction where the matter in controversy exceeds $75,000.00 and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1). To establish complete diversity, the party invoking federal jurisdiction must "*distinctly* and *affirmatively*" allege the citizenship of all parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original) (internal quotation marks omitted). For a limited liability company, citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal bears the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

B.   Analysis

A plain reading of Plaintiff's Complaint clearly shows that it raises no issues invoking a federal question. *See* Compl. [1-1] at 1-5. The case is a simple property, and perhaps contract, dispute between a lessor and lessee. *See id.* Defendants concludingly list several federal statutes and constitutional issues in their Notice of Removal [1], but offer no facts or explanation beyond these surface-level citations to substantiate their claim that this case implicates federal law. Their assertion has

no basis in the original Complaint [1-1]. *See generally id.;* s*ee also Vaden*, 556 U.S. at 60 ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'") (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *Manguno*, 276 F.3d at 723 ("[W]e consider the claims in the state court petition as they existed at the time of removal."). The Court finds that it lacks subject-matter jurisdiction under § 1331.

Defendants have also not claimed, nor is it apparent from the face of the Complaint [1-1], that diversity jurisdiction exists. Neither the Notice of Removal [1] nor the Complaint [1-1] articulate who the members of each limited liability company are or their respective citizenships. *See* Notice [1] at 1; Compl. [1-1] at 1. Because Defendants have the burden of establishing that subject-matter jurisdiction exists and removal is proper, *Manguno*, 276 F.3d at 723, the Court likewise finds that it does not possess original jurisdiction under § 1332, and this case must be remanded to state court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **REMANDED** to the County Court of Harrison County, Mississippi, First Judicial District. A certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 21st day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4